UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Aretha Milton                                    Civil File No. 8:01-cv-1087-T-27TBM

Plaintiff,

v.

Publix Super Markets, Inc.,

Defendant.

## MEMORANDUM OF LAW IN OPPOSITION TO PUBLIX'S MOTIONS TO DISMISS OR ALTERNATIVELY, TO STAY PROCEEDINGS

### I. INTRODUCTION

*Pleming v. Universal Rundle Corp.*, 142 F.3d 1354 (11th Cir. 1998) and *Manning v. City of Auburn*, 953 F.2d 1355 (11th Cir. 1992) are the two controlling 11th Circuit cases on the issue presented by Defendant Publix Super Markets, Inc. 's ("Publix") motion to dismiss. As is discussed below, both *Pleming* and *Manning* hold that *res judicata* does not apply where, as here, events pled in the second action occurred after the filing of the first action even if the Plaintiff could have supplemented the initial Complaint to add the claims. Publix fails completely to cite to either decision.

When this Court applies controlling 11th Circuit law to the facts presented, it will deny Publix's motion. Additionally, it will conclude that the motion is not ripe as there is no final judgment on the merits in the *McGee* action.

## II. FACTUAL BACKGROUND

### A. Dyer and McGee Actions

On November 6, 1997, Shirley Dyer, Violet McGee, Lanora Washington, Laura Holder, and Genevieve Oney filed a class action alleging sex discrimination in violation of Title VII, 42 U.S.C. § 2000(e), *et. seq.*, as amended, and in violation of the Florida Human Rights Act of 1977 and Florida Civil Rights Act of 1992, Florida Statutes Chapter 760 (the *"Dyer"* action). They were later joined by five additional plaintiffs, one of whom was Plaintiff Aretha Milton ("Milton" or "Plaintiff") by an amended pleading dated February 28, 1998 and accepted by the Court by Order dated April 29,1998. *See* Order, April 29, 1998 (Dkt # 45). These class representatives sought to represent all female applicants and former and current employees of Publix Super Markets, Inc. in the Publix warehouses and distribution centers and Publix Lakeland manufacturing plants. The last Complaint filed in the *Dyer* action was the Second Amended and Supplemental Complaint dated January 8, 1999 and filed January 13, 1999.

The *Dyer* plaintiffs moved for class certification and by Order dated March 21, 2000, the Court denied class certification. *See* Order, 18 (Dkt. # 184). Subsequently, the claims of 8 of the original *Dyer* plaintiffs were permitted to go forward on a consolidated basis (the *McGee* action, Civil File No. 8:97-cv-2706-T-27E) and the remaining three plaintiffs proceeded in 3 separate actions (the *Dyer, Allen* and *Washington* actions). Milton is currently a plaintiff in the *McGee* action. *McGee* is ongoing. There has been no summary judgment, no trial, no final judgment.

### B. *Milton* Action

Aretha Milton is an African-American. On August 2000, she filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that she was discriminated against on the basis of race and retaliated against on the basis of her participation in the *Dyer/McGee* actions when she was denied a promotion to a secretarial position at Publix in July 2000. This denial of promotion was not alleged in the *Dyer* complaint: it occurred over 2 and ½ years after the commencement of the *Dyer* action and over two years past the February 28, 1998 deadline for amendments to the pleadings to add new class members contained in the *Dyer* stipulated Case Management Order and approximately one and ½ years after the Second Amended and Supplemental Complaint.

Milton received a right to sue from the EEOC in March 2001 and thereafter timely commenced this action in United States District Court for the Middle District of Florida.

The substantive allegations of the Milton complaint are contained in paragraphs 9-10 of the Milton complaint. There, Milton alleges that she was the subject of harassment during the summer and fall of 2000 for her participation in the *Dyer* lawsuit and that her denial of promotion in July 2000 was the result of race discrimination and retaliation. The allegations pertain exclusively to events that occurred well after the filing of the first *Dyer* complaint and all amendments and supplements thereto.[1]

---

[1] Publix's memorandum contains a chart that misrepresents the allegations of the original Dyer complaint (which it refers to as Milton I) by including deposition testimony from a 2001 deposition of Aretha Milton. Publix Memorandum at 9. As discussed *infra* at 4-8, *res judicata* does not bar a second action based upon events which may come up in discovery in the preceding action but which are subsequent to the original cause of action. *See infra* at 4-8.

3

## III. ANALYSIS

### A. Elements of *Res Judicata*

The doctrine of *res judicata* functions to bar relitigation of claims that have been fully litigated and decided in an earlier action. *Pleming v. Universal Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998). The doctrine applies not only to legal claims, which were advanced and litigated in the precedent action but also to all claims which arise out of a "common nucleus of operative fact." *Id.* at 1356-57, citing *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990). *See also Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992). *Res judicata* will apply where the following criteria are met: 1) there is a final judgment on the merits in the earlier action; 2) the first decision is rendered by a court of competent jurisdiction; 3) the parties are identical or in privity; and 4) the causes of action are the same. *Manning*, 953 F.2d at 1358.

### B. *Res Judicata* Does Not Bar a Second Action Based Upon Events That Occur After the Date of the Original Complaint Even if They Could Have Been The Subject of a Supplement To The First Complaint

It is settled law in the 11th Circuit that *res judicata* does not operate to bar claims which arose after the commencement of the earlier litigation:

> We do not believe that res judicata preclusion of claims that "could have been brought" in earlier litigation includes claims which arise after the original pleading is filed in the earlier litigation. Instead, we believe that, for res judicata purposes, claims that "could have been brought" are claims in existence at the time the original complaint is filed or claims *actually* asserted by supplemental pleadings *or otherwise* in the earlier action.

*Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992).

In *Manning*, the Plaintiff, Delilah Manning, was a class member in a class action lawsuit brought against the City of Auburn in July 1987 alleging discrimination within

the City's fire department. Subsequently, in August 1988, she was dismissed from the class action with prejudice after failing to respond to discovery requests.

In August 1990, Manning brought an individual discrimination suit against the City claiming sex and age discrimination arising from events in July 1987 and thereafter. 953 F.2d at 1357-58. The district court dismissed her case on *res judicata* grounds and the 11th Circuit reversed.

The appellate court found that Manning had no individual claims related to alleged favoritism by the fire chief – which was the subject of the earlier action. Rather, the only claims which could be barred would have arose during the time that she was a passive class member in the class action. But the Court held that these claims were not barred. It acknowledged that they could have been the subject of a supplemental pleading under Federal Rule of Civil Procedure 15 in the earlier action but that such a supplemental pleading is optional and failure to supplement does not place the plaintiff at risk of having her claims dismissed on *res judicata* grounds. *Id.* at 1360. Instead, the Court held that the "scope of litigation is framed by the complaint at the time it is filed." *Id.* "Because res judicata creates no absolute duty to supplement a complaint," plaintiff Manning was permitted to proceed with her subsequent action. *Id.* at 1360.

*Manning* is further amplified by the *Pleming* decision, *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354 (11th Cir. 1998). In *Pleming,* the plaintiff, in August 1994, filed a race and disability claim against her employer arising from a July 1993 internal application for a clerical position. She set forth claims under Title VII and Section 1981.

During the course of litigation, in October 1994, two additional positions came open for which the plaintiff did not apply but which she learned about in the course of

discovery. She never amended her claim in the first action to make allegations related to the new positions. However, she did refer to the positions in her summary judgment brief where she used them to attempt to support her pretext argument. The Magistrate Judge recommended that summary judgment be denied and in his opinion referred to the two positions. The district court, however, granted summary judgment for the employer which was affirmed on appeal. 142 F.3d at 1355-56.

In January 1996, plaintiff filed a second complaint alleging discrimination and retaliation for the employers' failure to hire her for the two clerical positions which came open in October 1994. The defendant successfully moved to dismiss on *res judicata* grounds and an appeal followed.

The 11th Circuit reversed, holing that there was no *res judicata*. It addressed the key issue of whether the same cause of action was asserted in both proceedings. *Id.* at 1356-57.

First, the Court observed that the first complaint made no mention of the October 1994 internal hiring decisions because the positions came open subsequent to the initial filing, were not known to the plaintiff at the time of filing, and the plaintiff failed to supplement her complaint when she learned about the position during the course of the lawsuit. The Court relied on *Manning* to hold that *res judicata* did not apply to "new rights acquired pending the action which might have been but which were not required to be litigated." *Id.* at 1357, citing *Manning*, 953 F.2d at 1360. It noted, as did the *Manning* court, that Rule 15(d) which governs supplemental pleadings makes supplementation optional and that *res judicata* was not intended to operate to punish a plaintiff for not supplementing a complaint with after-acquired claims. *Id.*, citing *Manning*.

Secondly, the court addressed the issue of whether referring to the October 1994 hiring decisions in briefs submitted in the first litigation amounted to actually asserting those claims in the earlier litigation. *Id.* at 1357. The Court concluded that it did not: "Pleming's references to the incidents in her briefs were insufficient to put her claims of discrimination and retaliation arising out of the October 1994 incidents before the district court pursuant to the Federal Rules of Civil Procedure." *Id.* at 1359.

The situation in *Milton* is identical to *Pleming*. Milton sued in February 1998, joining an action which commenced in November 1997. She made allegations of sex discrimination related to a number of employment decisions from her initial assignment to a clerk position, through her failure to be transferred to a newly created computer position to pay issues and harassment in the summer of 1997. *See* Second Amended and Supplemental Complaint dated January 8, 1999, paragraphs 129-140.

Subsequently, Milton was the victim of several discrete incidents of race and reprisal discrimination in the summer and fall of 2000 when she was harassed and Publix failed to promote her to a secretary position. These discrete and after-acquired claims were identified in her August 2000 EEOC charge and are the subject of the instant action.

Here, as in *Manning* and *Pleming*, the claims raised in this action arose after the filing of the *Dyer* Complaints. Publix suggests otherwise with its chart. *See* Publix Memo. at 9. But that chart contains cites to 2001 deposition testimony in order to expand its version of Milton's initial complaint and begs the question answered in *Pleming*: is a claim based upon events which occur after the first complaint barred by *res judicata* if it is referred to in the first action? Publix fails to alert the court that this issue has been settled by the 11th Circuit for years. *See supra* at 4-7 (discussion of *Manning* and

*Pleming*). Referring to a subsequent set of facts in briefs or discovery is not sufficient to bar a subsequent action on *res judicata* grounds even if the party could have supplemented the first action to raise those claims. *See supra* at 4-7.

This result echoes in other decisions within the 11th Circuit: *see Smith v. State of Alabama*, 996 F. Supp. 1203, 1206 (M.D. Ala. 1998); *Wu v. Thomas*, 863 F.2d 1543, 1548-49 (11th Cir.), *cert. denied,* 490 U.S. 1006 (1989). In *Smith*, the plaintiff was employed by the state transportation department since 1978 and his claims arising prior to March 1994 were addressed in a consent decree in *Reynolds v. Alabama Dep't of Transp.. Id.* at 1206. Smith, though, brought a subsequent action alleging that he continued to be discriminated against after March 1994. The defendant claimed *res judicata* but the court denied the motion stating that "the causes of action are not identical because they do not arise out of the same nucleus of operative fact. . . .because the two suits involve different time periods, the two suits could not arise from the same nucleus of operative fact." *Id.* at 1206.

In *Wu*, the plaintiff alleged sex discrimination in pay and promotional opportunities. While that case was proceeding, she brought an EEOC charge alleging retaliation. The first matter went to trial in March 1986 and judgment was entered in favor of the employer in October 1986. Meanwhile, Wu received a right to sue on her retaliation charge in January 1987 and commenced an action thereafter. The district court dismissed the second action on *res judicata* grounds because the plaintiff conceded in oral argument that some of the testimony in the first action touched upon retaliation and that it could have been included in the first suit if it had been presented in a timely matter.

*Id.* at 153. The appellate court reversed and held that *res judicata* did not apply, stating succinctly that the argument was "devoid of merit." *Id.* at 154.

### C. None of The Cases Relied Upon By Publix Is Apposite In That All Involve Subsequent Actions Which Raise Events Which Could Have Been Brought At The Time of The Original Complaint

Publix ignores the relevant precedent and instead relies upon cases which are materially different from the case at bar. All involve situations in which the subsequent action is an attempt to present the same or different legal theories stemming from the same set of events and facts as the prior action. In *Myers v. Colgate-Palmolive*, 102 F. Supp. 2d 1208, 1224 (D. Kan. 2000), the two actions involved "identical operative facts" and the later action was merely an attempt to plea an ERISA claim from that set of facts. *Id.* at 1224. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556 (5th Cir. 1983) involved a plaintiff who was attempting to raise a new legal theory based upon the same set of events which were the subject of her prior action. *See Nilsen*, 701 F.2d at 559 (plaintiff brought a Title VII sex discrimination action and then brought subsequent actions based upon the very same events but alleging claims under the Constitution and Reconstruction Era statutes); In *Jang v. United Techs. Corp.*, 206 F.3d 1147 (11th Cir. 2000) the plaintiff brought the very same ADA claim based on the very same facts in successive suits. *See Jang*, 206 F.3d at 1149. Here, it is undisputed that the claims raised in Milton's July 2000 EEOC charge were not included in the January 1999 Second Amended and Supplemental Complaint in the *Milton* action, and could not have been included for *res judicata* purposes because they had not occurred. *See supra* at 2-3.

### D. Any Res Judicata Determination Would Be Premature As There is No Final Judgment

Of course, this motion is also premature in addition to being substantively "devoid of merit." There is no final judgment in the *McGee* matter. This is critical. Because there is no actual decision from which this Court could determine what causes of action were actually litigated. Hence, even if Publix could argue successfully that the fall 2000 incidents which form the basis of this matter are somehow within the penumbra of the 1999 Second Amended and Supplemental Complaint, it cannot be certain that the first court has a similar penumbra-like view of the first action and will actually render a judgment which this court could reasonably conclude is a final judgment on the merits as to the year 2000 events.

### E. The Dyer/McGee Scheduling Orders are Moot Since They Govern the Right to Amend the Complaint and Do Not Mandate That The Parties Supplement Their Complaint

Publix makes a point of the fact that the Dyer scheduling order had an amendment deadline of February 1998 and that this action is a blatant attempt to circumvent that deadline. *See, e.g.,* Publix Memorandum at 1, 3, 4, 13. This argument strains reason. Publix is suggesting that the court imposed a deadline for supplementing the complaint and that if events occurred after that deadline they could not be raised by supplement (on untimeliness grounds) and not be raised in a subsequent action (on *res judicata* grounds). In short, it is arguing that a scheduling order and Publix's unique view of *res judicata* could operate in tandem to create a time period in which a plaintiff simply has no rights at all to use the court system. Of course that is not what the court did and it is the exact opposite of how the *res judicata* doctrine operates in this fact situation. As the decisions discussed above all make clear, Milton could have brought her race and retaliation action

stemming from year 2000 events *either* by way of supplement *or* through this action. *See supra* at 4-8.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff Milton requests that this Court deny in their entirety Publix's Motions to Dismiss Or Alternatively, To Stay Proceedings.

Respectfully Submitted,

Dated: July 20, 2001

Susan M. Robiner (MN No. 168609)
Lawrence P. Schaefer (MN No. 195583)
Sara L. Madsen (MN No. 155317)
SPRENGER & LANG, PLLC
325 Ridgewood Avenue
Minneapolis, MN 55403
Ph: (612) 871-8910
Fax: (612) 871-9270

Paul C. Sprenger (DC No. 412029)
Michael D. Lieder (DC No. 444273)
SPRENGER & LANG, PLLC
1614 Twentieth Street NW
Washington, DC 20009
Ph: (202) 265-8010
Fax: (202) 332-6652

John J. Chamblee, Jr. (FL No. 179504)
CHAMBLEE, JOHNSON, HAYNES
  & MARTINELL
215 Verne Street, Suite D
Tampa, FL 33606
Ph: (813) 251-4542
Fax: (813) 254-6454
Attorneys for Plaintiffs

11

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be personally served on July 20, 2001, a copy of Plaintiffs' Memorandum of Law in Opposition to Publix's Motion to Dismiss or Alternatively to Stay Proceedings, by transmitting the same *via facsimile* to Barbara B. Brown and Kenneth M. Willner, Paul, Hastings, Janofsky & Walker LLP, 1299 Pennsylvania Ave. N.W., Tenth Floor, Washington, DC 20004 and to Dinita L. James and Kevin M. Smith, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, 2700 Barnett Plaza, 101 E. Kennedy Blvd., P.O. Box 1102, Tampa, FL 33602, and to Robert D. Hall and Jennifer Monrose, Ford & Harrison, Suite 900, 101 East Kennedy Blvd., Tampa, FL 33602, and by mail to the above-listed counsel by enclosing in envelopes, postage paid, and depositing the same in the U.S. Mail in Minneapolis, MN directed to the counsel for defendant at the above addresses.

_____
Susan M. Robiner