FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

01 AUG -8 AM 10: 15

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

ARETHA MILTON,

    Plaintiff(s),

vs.                              Case No. 8:01-CV-1087-T-27TBM

PUBLIX SUPER MARKETS, INC.,

    Defendant(s).
_____/

## ORDER

**THIS CAUSE** came on to be considered on Defendant Publix Super Markets, Inc.'s Motion to Dismiss or, alternatively, to Stay Proceedings (Dkt. 8). The Court having reviewed said motion, and being otherwise fully advised in the premises, finds as follows:

Defendant moves to dismiss Plaintiff's Complaint with prejudice arguing that it is barred by the doctrine of res judicata because it arises out of the same transactions or occurrences as McGee, et al. v. Publix Super Markets, Inc., 97-2706-CV-T-27TBM (M.D. Fla.), which is currently pending before the Court. In the alternative, Defendant argues that the current action should be stayed pending the conclusion of the McGee litigation.

In the McGee litigation, Plaintiff asserts claims of (1) sex discrimination and (2) retaliation for complaints of sex discrimination. See McGee Complaint, ¶¶ 9-10.[1]

---

[1] While Defendant refers to excerpts from Plaintiff's deposition in McGee which reference retaliation based on her involvement in that litigation, such claims (as evidenced by the Defendant's own argument) are not included in the pleadings at issue in McGee. See Defendant's Memoranda, p. 13 (noting "Plaintiff had every opportunity to bring her claims *in her initial action*, but failed to request amendment of the complaint."). See Pleming v. Universal-Rundle Corp., 142 F.3d 1354 (11th Cir. 1998).

Plaintiff's current Complaint asserts claims against Defendant for (1) retaliation based on her participation in the McGee litigation and (2) race discrimination. See Complaint, ¶ 9.

Res judicata bars relitigation of matters decided in prior proceedings. See Israel Discount Bank, Ltd. v. Entin, 951 F.2d 311, 314 (11th Cir. 1992). Res judicata is applicable only when: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same. Id. Two cases involve the same cause of action where they arise from the same nucleus of operative facts and rely on the same factual predicate. Id. at 951. The principal test for comparing causes of action is whether the primary right and duty or wrong are the same in each action. Stevenson v. International Paper Co., 516 F.2d 103, 109 (5th Cir. 1975).

As an initial matter, res judicata is not applicable in the present case because there has been no final judgment on the merits in the McGee litigation. However, in light of Defendant's request that the Court stay this litigation pending a final judgment in McGee, the Court will examine the effect of a final judgment in McGee for purposes of considering whether a stay of this action is appropriate.

The Plaintiff's present claims are, as alleged, based on a different legal right (i.e., the right to be free from race versus sex discrimination) and a different alleged wrong (i.e., retaliation which occurred following the commencement of the McGee litigation). Moreover, as pled in the present Complaint, the alleged misconduct giving rise to Plaintiff's current claims arose more than two years following the commencement of the McGee

2

litigation. See Complaint, ¶¶ 9-10. Therefore, even assuming a final judgment on the merits in the McGee litigation, the doctrine of res judicata would not bar the Plaintiff's claims as alleged in the Complaint. See Manning v. City of Auburn, 953 F.2d 1355 (11th Cir. 1992) ("claims that 'could have been brought' are claims in existence at the time of the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in earlier action"); Wu v. Thomas, 863 F.2d 1543 (11th Cir. 1989) (prior civil rights action did not bar, on res judicata grounds, subsequent action claiming retaliation for having filed initial lawsuit).[2]

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Publix Super Markets, Inc.'s Motion to Dismiss or, alternatively, to Stay Proceedings (Dkt. 8) is **DENIED**.

**DONE AND ORDERED** in chambers this 7th day of August, 2001

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Courtroom Deputy
Law Clerk

---

[2] In this regard, the case law relied on by Defendant is distinguishable. Compare Jang v. United Technologies Corp., 206 F.3d 1147 (11th Cir. 2000) (holding res judicata barred plaintiff from splitting Florida Civil Rights Act and ADA claims where subsequent litigation "included an almost verbatim copy" of prior complaint); Nilsen v. City of Moss Point, Mississippi, 701 F.2d 556 (5th Cir. 1983) (applying res judicata to bar subsequent section 1983 claim where earlier Title VII claim was decided on the merits and both claims were based on Plaintiff's complaint that she was not hired as a firefighter solely because of her sex).

F I L E   C O P Y

Date Printed: 08/08/2001

Notice sent to:

   ___   Thomas Loraine Johnson, Esq.
Chamblee, Johnson & Haynes, P.A.
215 Verne St., Suite D
Tampa, FL  33606

   ___   Susan E. Stokes, Esq.
Sprenger & Lang, P.L.L.P.
325 Ridgewood Ave.
Minneapolis, MN  55403

   ___   Paul C. Sprenger, Esq.
Sprenger & Lang, P.L.L.C.
1614 Twentieth Street N.W.
Washington, DC  20009

   ___   Dinita L. James, Esq.
Trenam, Kemker, Scharf, Barkin,
Frye, O'Neill & Mullis, P.A.
101 E. Kennedy Blvd., Suite 2700
P.O. Box 1102
Tampa, FL  33601-1102

   ___   Barbara Berish Brown, Esq.
Paul, Hastings, Janofsky & Walker
1299 Pennsylvania Ave., N.W.
10th Floor
Washington, DC  20004-2400

   ___   Robert David Hall Jr., Esq.
Ford & Harrison LLP
101 E. Kennedy Blvd., Suite 900
P.O. Box 1427
Tampa, FL  33602-5133